UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jocastarius Timpson,  )<br>  )<br>    Plaintiff, )<br>  )<br>vs. )<br>  )<br>Christopher Pondexter; Joshua Silva; Karl  )<br>Von Mutius, and South Carolina  )<br>Department of Corrections,  )<br>  )<br>    Defendants. )<br>  ) | C/A No. 5:17-cv-00760-PMD-KDW<br><br>REPORT AND RECOMMENDATION<br>(partial summary dismissal) |

   This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I. Factual Background

   Jocastarius Timpson ("Plaintiff") is currently incarcerated at Lieber Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint now under review, Plaintiff alleges that he was subjected to cruel and unusual punishment as a result of an incident of excessive force and medical indifference thereafter. Compl. 4-17, ECF No. 1. Plaintiff sues three corrections officers/officials and SCDC, requesting an award of compensatory and punitive damages. *Id*. at 18.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Plaintiff's request for damages from SCDC is barred by the Eleventh Amendment to the United States Constitution, which divests this court of jurisdiction to entertain a suit for damages

brought against the State of South Carolina or its integral parts. As a state agency, SCDC is considered an integral part of the State of South Carolina. *See* S.C. Code Ann. § 24-1-30 (statute creating the agency of SCDC); *Fla. Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same); *Laudman v. Padula*, No. 3:12-2382-SB, 2013 WL 5469977, at *7 (D.S.C. Sept. 30, 2013) (dismissing claims against state agency). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n.9 (1984), a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws, is a part of the South Carolina Tort Claims Act ("SCTCA") which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority,

3

for actions taken in their official capacities."). Thus, regardless of whether this court liberally construes Plaintiff's allegations against SCDC as an attempt to state a federal constitutional-violation claim under 42 U.S.C. § 1983[1] or as a state-law-based claim under the SCTCA, Plaintiff fails to state a plausible claim against this state agency. *See, e.g.*, *DeCecco v. University of South Carolina,* 918 F.Supp.2d 471, 498 (D.S.C. 2013) (finding that even if the SCTCA allowed the plaintiff's gross negligence claim against the agency to proceed in state court, "it would not allow it to proceed in federal court"); *Lockhart v. S. C. Dep't. of Corr.,* No. 2:13-cv-1345-MGL, 2013 WL 3864052, at *2 (D.S.C. July 24, 2013) ("Plaintiff's Complaint seeking monetary damages in this court pursuant to the S.C. Tort Claims Act is subject to summary dismissal based on the Eleventh Amendment's grant of sovereign immunity to the State of South Carolina and its integral parts."); *Swinton v. Allen,* No. 3:12-cv-1587-CMC, 2013 WL 3197077, at *4 (D.S.C. June 21, 2013) (finding that an agency of the state would be entitled to Eleventh Amendment immunity in federal court and that a claim against the agency pursuant to the SCTCA must be brought in state court), *aff'd*, 548 F. App'x 941 (4th Cir. 2013); *King v. Ozmint,* No. 0:11-cv-1455-TLW-PJG, 2012 WL 4092689, at *3 (Aug.17, 2012) ("[T]he SCTCA requires the agency or political subdivision to be substituted when an employee is individually named,

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

and the agency is similarly entitled to Eleventh Amendment immunity in federal court."), *report adopted*, 2012 WL 4092661 (D.S.C. Sept. 18, 2012).

IV.     Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice as to Defendant SCDC. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on all Defendants except SCDC.

IT IS SO RECOMMENDED.

May 26, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).