UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Jocastarius Timpson, | ) | C/A No. 5:17-cv-00760-PMD-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Christopher Pondexter; Joshua Silva; Karl Von Mutius, | ) | |
| Defendants. | ) | |

Jocastarius Timpson ("Plaintiff"), a state prisoner proceeding pro se, brought this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on Defendants' Motion to Dismiss for Failure to State a Claim filed on July 12, 2017. ECF No. 29. The court entered a *Roseboro* Order[1] on July 17, 2017, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 30. Plaintiff responded to Defendants' motion on August 17, 2017, ECF No. 33, and Defendants filed a reply to Plaintiff's Response on August 25, 2017, ECF No. 34, making this motion ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e) (D.S.C.). Because Defendants' Motion to Dismiss is dispositive, a Report and Recommendation is entered for the court's review.

I.   Factual and Procedural Background

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Plaintiff is currently incarcerated at Lieber Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint filed in this case, Plaintiff alleges that he was subjected to excessive force and medical indifference as the result of Defendants Pondexter's and Silva's introduction of gas munitions into his closed cell on March 16, 2014. ECF No. 1 at 6-7. He asserts that Defendant Von Mutius was the other Defendants' supervisor and did nothing to help Plaintiff get cleaned up after the gassing incident. Plaintiff alleges that his eyes were permanently damaged and that he was subjected to pain and suffering when he was not allowed to wash his face or flush his eyes for many hours. *Id*. at 7-9, 17. Plaintiff asserts that his federal constitutional rights under the Eighth Amendment were violated by Defendants' actions. *Id*. at 15, 16. Plaintiff seeks compensatory and punitive damages. *Id*. at 18. In his Complaint, Plaintiff acknowledges that he pursued a state-court case "dealing with the same facts involved in this action . . . ." in Dorchester County, South Carolina through its dismissal on January 25, 2017. *Id*. at 1.

In their Motion to Dismiss, Defendants assert that this case is barred by the doctrine of res judicata based on the summary judgment that was entered in Plaintiff's state-court complaint in Dorchester County. *See Timpson v. Dep't of Corr. S. C.*, No. 2015-CP-18-0716. They attach to their Motion the state-court complaint, a state-court order dismissing the same three corrections officers who are Defendants in this case from the case under the employee immunity provisions of the South Carolina Torts Claim Act ("SCTCA"), and the state-court order granting summary judgment for the remaining defendant SCDC. ECF Nos. 29-1, 29-2, 29-3.[2] Defendants argue that

---

[2] Generally, review of the motion to dismiss should be confined to the four corners of the Complaint, however, the Fourth Circuit has held that a court may consider relevant public documents in connection with its review of such motions based on the defense of res judicata. *See Witthohn v. Fed. Ins. Co.,* 164 F. App'x 395, 396 (4th Cir. 2006); *see also CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).

2

the summary judgment entered with prejudice in the state-court action precludes Plaintiff's attempted pursuit of an action under 42 U.S.C. § 1983 against the three remaining Defendants in this case who were also parties to the state-court action. ECF No. 29 at 5-7. Defendants also assert that Plaintiff's federal claims are barred by the doctrine of collateral estoppel. *Id*. at 7-8. Plaintiff responds that res judicata does not bar this federal action because the three Defendants in this case were no longer parties in the state-action when the summary judgment was entered. ECF No. 33 at 9-10. Plaintiff also argues that res judicata does not apply to this case because the state-court complaint was based solely on state law under the SCTCA, whereas this case is based on different claims under § 1983. *Id*. at 12-13. Defendants reply that Plaintiff fails to understand that res judicata bars all claims that could have been brought in the original forum and that his § 1983 claims are the type of claims that could have been pursued in the state-court action. ECF No. 34 at 2.

II.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be

liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

III. Discussion

Under South Carolina law, the defense of res judicata requires satisfaction of the following elements:

> (1) The parties must be the same or their privies; (2) the subject matter must be the same; and (3) while generally the precise point must be ruled, yet where the parties are the same or are in privity the judgment is an absolute bar not only of what was decided but of what might have been decided.

*Bagwell v. Hinton*, 32 S.E.2d 147, 156 (S.C. 1944); *see also First Nat'l Bank of Greenville v. U. S. Fid. & Guar. Co.*, 35 S.E.2d 47, 52 (S.C. 1945). More recently, the South Carolina Court of Appeals has stated the elements somewhat differently, stating that "[t]o establish the defense of res judicata three elements must be shown: (1) identity of the parties or their privies; (2) identity of the subject matter of the litigation; and (3) a final determination on the merits of the claim in the former proceeding." *H.G. Hall Constr. Co. v. J.E.P. Enters.*, 321 S.E.2d 267, 271 (S.C. Ct. App. 1984).[3] Under *res judicata* "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981) (emphasis added); *Brown v.*

---

[3] Because Defendants' res judicata defense is based is a South Carolina state court judgment, South Carolina law relative to res judicata is cited. *See Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986); *Brown v. Tompkins Builders, Inc.*, No. 3:16cv599, 2016 WL 7131504, at *2 (E.D. Va. Dec. 6, 2016); *see also* 28 U.S.C. § 1738.

*Felsen,* 442 U.S. 127, 131 (1979); *Meekins v. United Transp. Union,* 946 F.2d 1054, 1057 (4th Cir. 1991). The term "privy", when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right. One in privity is one whose legal interests were litigated in the former proceeding. *Richburg v. Baughman*, 351 S.E.2d 164, 166 (S.C. 1986). "[T]he concept of privity rests not on the relationship between the parties asserting it, but rather on each party's relationship to the subject matter of the litigation." Claims are based on the same cause of action if they "arise[ ] out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel. Inc. v. Wilson,* 519 F.3d 156, 162 (4th Cir. 2008) (internal citations and quotations omitted). "*Res judicata . . .* bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *Riedman Corp. v. Greenville Steel Structures, Inc.,* 419 S.E.2d 217, 218 (S.C. 1992). The Fourth Circuit Court of Appeals has held that "[g]enerally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions . . . or the same core of operative facts." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996) (internal citations omitted). By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, "[r]es judicata ... encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Brown,* 442 U.S. at 131).

1. Same parties or in privity

Here, the state-court action and judgment relied on by Defendants for their res judicata defense satisfy all elements of the defense and, therefore, preclude this court from considering Plaintiff's § 1983 claims against Defendants Pondexter, Silva, and Von Mutius. First, the parties

5

are the same in both the state court and in this court because the state-court complaint shows that, in addition to SCDC, Plaintiff sued Pondexter, Silva, and Von Mutius. In the state action caption, SCDC is the only defendant, but the "parties" section of the complaint itself lists Defendants Pondexter, Silva, and von Mutius and makes allegations and causes of action against each of them. While the individual defendants were dismissed before the conclusion of the state-court case pursuant to the South Carolina Tort Claims Act, S.C. Code §§15-78-70(a) and (b) by order dated January 11, 2016, their interests were clearly represented by SCDC throughout the remainder of the case. SCDC had to prove that they properly exercised their discretion in connection with the gassing incident in order for it to obtain the final summary judgment in the case. Also, the allegations about Defendants' actions on that day are identical in the state complaint and in the Complaint in this court. On summary judgment, the state court found that the individual defendants validly exercised their discretion during the same encounter with Plaintiff that, factually, formed the basis for both Plaintiff's state tort claims and his § 1983 claims in this case.

Plaintiff's assertion that the first prong is not met because the three individual defendants (Defendants here) were dismissed from the state case before judgment is unavailing. Even after they were dismissed from the state case, Defendants were still in privity with the remaining defendant, SCDC, because it was representing their interests regarding the reasonableness of the actions that they took in connection with the subject matter of the state-court action: the same gassing incident involving Plaintiff at Lieber Correctional Institution on March 15, 2014 that is the subject of Plaintiff's Complaint in this case. Moreover, the remaining defendant in the state action was SCDC, the state agency with which all three Defendants were employed. Several courts have held that government employees are in privity with the agency for which they work.

Defendants who are members of the same government agency are generally treated as being in privity for purposes of being able to assert a res judicata defense. *See, e.g.*, *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of [a governmental entity] is *res judicata* in relitigation of the same issue between that party and another officer of the government."); *Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir. 1980) (res judicata dismissal of second suit that added IRS commissioner as defendant affirmed because there was "privity between officers of the same government" so that judgment in favor of IRS agents in first suit barred re-litigation); *Benbow v. Wall,* No. 13-757S, 2014 WL 652354 (D.R.I. 2014) (dismissing prisoner's second suit based on res judicata despite addition of new correctional officer defendant who was employed by same agency as original defendants). Accordingly, the parties in the state-court action and in this federal case are the same and the first element of res judicata is satisfied. *See Briggs v. Newberry Cnty. Sch. Dist.*, 838 F. Supp. 232, 235 (D.S.C. 1992) (an individual in privity with a party is "one whose legal interests were litigated in the former proceeding."); *Richburg v. Baughman,* 351 S.E.2d at 166 ("The term 'privy' when applied to a judgment or decree means one so identified in interest with another that he represents the same legal right.").

    2.    Same subject matter

Insofar as the second element of a res judicata defense is concerned, the subject matter of this case and of the state-court case is the same because "the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Harnett v. Billman,* 800 F.2d 1308, 1312-14 (4th Cir. 1986); *see Plum Creek Dev. Co., Inc. v. City of Conway,* 512 S.E.2d 106, 109 (S.C. 1999) (the subject matter is the same "when the claims arise

7

out of the same transaction or occurrence that was the subject of a prior action). In the state action, Plaintiff alleged causes of action for gross negligence against each of the three Defendants in this action. He was unsuccessful in state court and he now brings causes of action under §1983 for violations of the Eighth Amendment against the same corrections officers. Plaintiff argues that this difference in the type of claims asserted in the two cases shows that the second element of res judicata is not satisfied here. However, the United States Supreme Court and other courts have specifically held that the doctrine of res judicata applies to situations where state-law-based claims were originally brought and then, later, § 1983 claims were raised in federal court based on the same transactions as those involved in the original state claims. *See, e.g.*, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84-85 (1984) (state-court judgment had the same preclusive effect on subsequent § 1983 action in federal court as it had on other state-court claims); *Donovan v. Thames,* 105 F.3d 291, 298 (6th Cir. 1997) (arrestee was collaterally estopped from bringing § 1983 action for false arrest when state trial court already had determined that the arrest was valid under state law because the police officers had probable cause); *T.K. v. Stanley*, No. C16-5506 BHS, 2017 WL 2671295, at *2-3 (W.D. Wash. June 21, 2017) (res judicata applies and bars a § 1983 action because the plaintiff could have brought his state-law claims and § 1983 claim in the same court proceeding).

As previously noted, the facts alleged in the state case are the exact same facts as those asserted in this federal case. "Under this transactional approach, *res judicata* will bar a 'newly articulated claim[ ]' if it is based on the same underlying transaction and could have been brought in the earlier action." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (citing *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d at 162). To satisfy the second step of the *res judicata* analysis, the causes of action in the two cases need not be identical. *See Pueschel v.*

*United States,* 369 F.3d at 355. Rather, the issue is whether "the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" *Id.* (quoting *In re Varat Enters., Inc.,* 81 F.3d at 1316). Moreover, "[u]nder the principles of claim preclusion, a final judgment on the merits in a prior action will absolutely bar the parties and their privies from litigating in a subsequent action issues actually litigated and issues that could have been raised in the first action." *Briggs v. Newberry County Sch. Dist.,* 838 F. Supp. at 235 (citing *Jaynes v. County of Fairfield,* 401 S.E.2d 183 (S.C. Ct. App. 1991) and *Calvert v. Calvert,* 336 S.E.2d 884 (S.C. Ct. App. 1985)).

In this case, it is clear that Plaintiff could have raised his § 1983 claims in his state-court action because there is concurrent jurisdiction for such claims in both state and federal court. *Felder v. Casey*, 487 U.S. 131, 139 (1988) (finding that state courts possess concurrent jurisdiction over § 1983 litigation). He chose not to do so, but the record shows that the current action is clearly based on the same transaction or occurrence as the facts in both the state complaint and the federal one are the same. Thus, Plaintiff cannot be heard to argue that the state-court claims and the federal claims are not the same for purposes of res judicata. Under the facts of this case, the second element of a res judicata defense is satisfied.

3. Final adjudication on the merits

Finally, the third element of res judicata: an adjudication on the merits, is also satisfied. Plaintiff does not contest this element and it is settled that a dismissal with prejudice operates as a judgment on the merits. *Harrison v. Edison Bros. Apparel Stores, Inc.,* 924 F.2d 530, 534 (4th Cir. 1991). "[U]nless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an

adjudication upon the merits. Rule 41(b), Fed. R. Civ. P. A dismissal "'with prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'" *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505 (2001). The state-court judgment shows that the state court dismissed Plaintiff's complaint with prejudice when it granted SCDC's motion for summary judgment. Under applicable law, that dismissal constituted an adjudication on the merits. Therefore, the third element of res judicata is satisfied. Accordingly, Plaintiff's action is barred by the doctrine of res judicata.[4]

IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss, ECF 29, be *granted* and that this case be dismissed with prejudice.

IT IS SO RECOMMENDED.

November 15, 2017　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] In light of the finding that the second element of res judicata is proved, it is unnecessary to address the issue of collateral estoppel raised by Defendants. "[C]ollateral estoppel, or issue preclusion, is subset of general doctrine of res judicata and applies where second action between same parties is based upon different cause of action." *In re Prof'l Coatings (N.A.), Inc.*, 210 B.R. 66, 79 (Bankr. E.D. Va. 1997); *see Noonan v. Stock Bldg. Supply, Inc.*, No. 4:08-2433-RBH, 2009 WL 302314, at *1 (D.S.C. Feb. 6, 2009) (explaining distinctions between res judicata and collateral estoppel).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).